Original Process is **GRANTED,** and the Petition for Writ of Mandamus and/or Extraordinary Relief is **DENIED.**

■

**COMMONWEALTH of Pennsylvania, Respondent**

v.

**Kevin R. McKNIGHT, Petitioner.**

Supreme Court of Pennsylvania.

Oct. 17, 2013.

***ORDER***

PER CURIAM.

**AND NOW,** this 17th day of October 2013, the Petition for Allowance of Appeal is **GRANTED,** the order of the Superior Court is **VACATED,** and this appeal is **REMANDED** for further consideration in accord with *Commonwealth v. Wilson,* —— Pa. ——, 67 A.3d 736 (2013). The Petition for Post–Submission Communication is **DENIED** as moot.

■

**COMMONWEALTH of Pennsylvania, Petitioner**

v.

**Andrew Keith ENIMPAH, Respondent.**

Supreme Court of Pennsylvania.

Oct. 22, 2013.

***ORDER***

PER CURIAM.

**AND NOW,** this 22nd day of October, 2013, the Petition for Allowance of Appeal is **GRANTED.** The issue, as stated by the Commonwealth, is:

> Should this Honorable Court grant the Petition for Allowance of Appeal because, the Superior Court has held that [the] Commonwealth has a burden of production at suppression hearings when the [d]efendant has not satisfied his threshold burden of establishing a reasonable expectation of privacy in the areas searched or the items seized?